UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

McLANE FOODSERVICE, INC.,    )
           )
    Plaintiff,    )
           )    CIVIL ACTION NO.
VS.    )
           )    3:03-CV-1412-G
WOLVERINE PIZZA, L.L.C., ET AL.,    )
           )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, McLane Foodservice, Inc. ("McLane"), for an order authorizing a levy of execution on certain promissory notes payable to the defendant Wolverine Pizza, L.L.C. ("Wolverine"). For the reasons discussed below, McLane's motion is granted.

## I. BACKGROUND

This motion arises out of McLane's efforts to collect judgments previously issued by this court. Plaintiff's Emergency Motion for Order Authorizing Levy of Execution on Promissory Notes Payable to Defendant Wolverine Pizza, L.L.C., and

Supporting Brief ("Motion") at 1, ¶ 1.  On January 26, 2004, this court rendered

judgment in favor of McLane against the defendants Wolverine, La-Van Hawkins

Food Group L.L.C., and La-Van Hawkins Inner City Foods L.L.C. in the amount of

$752,684.12. *Id.* at 2, ¶ 2.  On March 22, 2004, this court rendered judgment in

favor of McLane against the defendant La-Van Hawkins in the amount of

$752,684.12.  *Id.* at 2, ¶ 3.

At the time these judgments were rendered, Wolverine possessed two demand

promissory notes payable to it by the Lineage Group, Inc. (the "Notes").  Motion at

3, ¶¶ 6-7; Defendants' Response and Brief in Opposition to Plaintiff's Emergency

Motion for Order Authorizing Levy of Execution on Promissory Notes Payable to

Defendant Wolverine Pizza, L.L.C., and Supporting Brief ("Response") at 2, ¶¶ 6-7.

The Notes were in the amount of $308,873.50 and $740,336.05.  *Id.*  On April 19,

2004, the Notes were assigned by Wolverine to Bulgari, Ltd. ("Bulgari").  Motion at

4, ¶ 9; Response at 2, ¶ 9.  The same day the Notes were assigned from Bulgari to

Chicago Five Limited Partnership.  Motion at 4, ¶ 9; Response at 2, ¶ 9.  Defendant

La-Van Hawkins is the president of both Wolverine and Bulgari.  *See* Agreement for

Assignment of Promissory Notes and Security Agreement (the "Assignment

Agreement") at 2, Exhibit 5 to Appendix in Support of Plaintiff's Emergency Motion

for Order Authorizing Levy of Execution on Promissory Notes Payable to Defendant

Wolverine Pizza, L.L.C., and Supporting Brief ("McLane's Appendix").  Further,

Bulgari is wholly owned by Josephine Hawkins, defendant La-Van Hawkins mother.

Response at 2, ¶ 9.  La-Van Hawkins is the general partner of the Chicago Five

Limited Partnership and Josephine Hawkins is the sole limited partner.  *Id*.; Limited

Partnership Agreement of Chicago Five Limited Partnership ¶ 2.1, Exhibit 1 to

Appendix in Support of Defendants' Response and Brief in Opposition to Plaintiff's

Emergency Motion for Order Authorizing Levy of Execution on Promissory Notes

Payable to Defendant Wolverine Pizza, L.L.C., and Supporting Brief at 4.

The Assignment Agreement provided that, in exchange for receiving the right

to payment under the Notes, Bulgari agreed "to perform any and all of [Wolverine's]

obligations under the [Notes], for which [Wolverine] is now obligated to perform."

Assignment Agreement at 1, Exhibit 5 to McLane's Appendix.

## II. <u>ANALYSIS</u>

### A. <u>Applicable Law</u>

Rule 69(a) of the Federal Rules of Civil Procedure provides that "[t]he

procedure on execution, in proceedings supplementary to and in aid of a judgment,

and in proceedings on and in aid of execution shall be in accordance with the practice

and procedure of the state in which the district court is held . . . ."  FED. R. CIV. P.

69(a).  Accordingly, Texas law regarding the execution of judgments is applicable.

Under Texas law, a judgment creditor may, on court order, levy execution on

an asset which was fraudulently transferred by the judgment debtor.  TEX. BUS. &

- 3 -

COM. CODE §§ 24.006(a), 24.008(b).  The Texas Uniform Fraudulent Transfer Act

(the "Act") provides that "[a] transfer made or obligation incurred by a debtor is

fraudulent as to a creditor whose claim arose before the transfer was made or the

obligation was incurred if the debtor made the transfer or incurred the obligation

without receiving a reasonable equivalent value in exchange for the transfer or

obligation and the debtor was insolvent at that time or the debtor became insolvent

as a result of the transfer or obligation."  *Id.* § 24.006(a).

McLane asserts that the transfer of the Notes was fraudulent under the Act.

Motion at 6.  Specifically, McLane argues that the transfer was fraudulent under

section 24.006(a) because Wolverine did not receive as consideration from Bulgari a

reasonable equivalent value for the Notes.  *Id.*  In response, the defendants assert that

"the only recited consideration for the assignment of the Notes was the assumption of

the obligations of the payees under the Notes.  However, there was other good and

valuable consideration, namely, the recapitalization of Bulgari . . . and Wolverine, as

agreed upon by these companies in 2002."  Response at 2, ¶ 10.

## B.  Statute of Limitations

The defendants argue that the statute of limitations bars the relief requested by

McLane.  Response at 3-4.  The Act provides that a cause of action brought under

section 24.006(a) must be brought within four years of the date of the transfer.  TEX.

BUS. & COM. CODE § 24.010(a)(2).  The transfer of the Notes to Bulgari was made

on April 19, 2004.  Motion at 4, ¶ 9.  Because this action was filed well within the four year statute of limitations, thus McLane's action is not time-barred.

### C.  <u>Reasonable Equivalent Value in Exchange for Transfer of Notes</u>

"The burden is on the party seeking to uphold the transfer to show valid consideration." *Short v. United States*, 395 F. Supp. 1151, 1154 (E.D. Tex. 1975). Here, the recited consideration was Bulgari's assumption of Wolverine's obligations under the Notes.  Response ¶ 10.  McLane argues that Wolverine, as the payee under the Notes, had no affirmative obligations, *i.e.*, it had the right to receive payment under the Notes but no obligation to do anything -- thus there was no consideration for the transfer.  Motion at 4, ¶ 10.  The court agrees.  Bulgari's assumption of Wolverine's (non-existent) obligations under the Notes cannot be a valid consideration for the transfer, since Bulgari incurred no additional obligations as a result of the transfer.

The defendants further assert that there was "other good and valuable consideration, namely, the recapitalization of Bulgari, Ltd. and Wolverine, as agreed upon by these companies in 2002."  Response at 2, ¶ 10.  However, the defendants offer no evidence of the agreement regarding the recapitalization of the two companies.  As stated above, the burden is on the defendants to show that there was valid consideration for Wolverine's transfer of the Notes to Bulgari.  See *Short*, 395 F. Supp. at 1154.  The defendants have failed to show that Wolverine received anything

of reasonably equivalent value in exchange for its transfer of the Notes to Bulgari.
Accordingly, on this record the court concludes that the transfer is fraudulent and
must be set aside.

### III. CONCLUSION

For the reasons discussed above, McLane's motion for an order authorizing a
levy of execution on the Notes is **GRANTED**. Accordingly, it is **ORDERED** that
Wolverine's transfer of the Notes to Bulgari is **SET ASIDE** as a fraudulent transfer
under the Act. It is further **ORDERED** that McLane shall be entitled to a writ of
execution upon (a) the promissory note in the principal amount of $308,873.50,
payable by The Lineage Group, Inc., to the order of Wolverine Pizza, L.L.C., dated
June 20, 2002; and (b) the promissory note in the principal amount of $740,336.05,
payable by The Lineage Group, Inc., to the order of Wolverine Pizza, L.L.C., dated
June 20, 2002.

It is further **ORDERED** that the United States Marshal for the Northern
District of Texas shall levy execution upon and take possession of the Notes and any
funds that have been paid on the Notes. It is further **ORDERED** that defendant La-
Van Hawkins shall deliver the originals of the Notes, as well as any funds that have
been paid on the Notes, to the United States Marshal for the Northern District of
Texas for levy of execution. If for any reason the United States Marshal for the
Northern District of Texas is unable to levy execution or take possession of the

originals of the Notes, it is further **ORDERED** that any United States Marshal for another district shall do so.

June 21, 2005.

_____
A. JOE FISH
CHIEF JUDGE